UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE THOMAS,

    Plaintiff,

v.                                              CASE NO. 8:14-CV-1838-T-MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    This is an action for review of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and supplemental security income (SSI). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence because the ALJ did not properly evaluate her credibility and posed an incomplete hypothetical question to the vocational expert (VE). After considering Plaintiff's arguments (doc. 24), Defendant's response (doc. 25), and the administrative record, I find the ALJ applied the proper standards, and the decision that Plaintiff is not disabled is supported by substantial evidence. Therefore, I affirm the ALJ's decision.

    *A.    Background*

    Plaintiff Nicole Thomas was born on February 9, 1982, received her general education diploma (GED) in 2004, and obtained a vocational certificate as an administrative assistant in 2010. Her past work experience was as a cashier, tourist guide, and sandwich maker. Plaintiff alleges that on August 8, 2008, she became disabled due to lupus, rheumatoid arthritis, hypothyroidism, a blood disorder, anemia, and depression. (R. 270) After a hearing, the ALJ found that Plaintiff suffered

from the severe impairments of "weak positive systemic lupus erythematosus, frequently not compliant with medication; positive rheumatoid factor, arthritis; a thyroid disorder; and mental disorder diagnosed as explosive personality disorder and bipolar disorder." (R. 40-41) According to the ALJ, Plaintiff maintained the residual functional capacity (RFC) to perform light work, with exceptions:

> [S]he is able to lift up to 20 lbs. occasionally and 10 lbs. frequently; stand or walk for about 6 hours and sit for at least 6 hours in an 8-hour day, with normal breaks; never operate foot controls; never climb ropes/scaffolds; occasionally climb ladders, ramps and stairs; no crawling; occasional stooping, kneeling and crouching; no more than frequent balancing; frequent bilateral reaching, except no more than occasional overhead reaching; avoid concentrated exposure to extreme cold, excessive vibration, and avoid even moderate use of hazardous machinery and unprotected heights. The claimant retains an ability to understand, remember and carry out simple and routine tasks and instructions, in low stress jobs with no more than occasional interaction with the general public.

(R. 42-43) With the help of a vocational expert, the ALJ determined that Plaintiff, with this RFC, could not perform her past relevant work as an assembler, cleaner, and advertising worker. The Appeals Council denied review.

    *B.    Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

  C. *Discussion*

  Under a single heading, Plaintiff purports to advance two related arguments: the ALJ improperly discredited her and, consequently, posed an incomplete hypothetical question to the VE. Specifically, Plaintiff contends that her lupus (identified as a severe impairment) causes severe skin rashes that intensify in the sun, restricting her ability to work outdoors. The job of advertising material distributor, one of the occupations identified by the VE as within Plaintiff's RFC, requires exposure to the elements (including sunlight). *See* Dictionary of Occupational Titles (DOT) #230.687-010 (occupation requires distributing advertising material house to house). The ALJ, in his hypothetical to the VE, did not limit Plaintiff's exposure to sunlight, although he did note Plaintiff "needs to avoid concentrated exposure to extremes." (R. 95) Therefore, Plaintiff argues the ALJ's hypothetical was incomplete. I disagree.

  To be sure, the ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments. *Wind v. Barnhart,* 133 F. App'x. 684, 694 (11th Cir. 2005); *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ's hypothetical posed to a VE must comprehensively describe the plaintiff's limitations. *Pendley*, 77 F.2d at 1563. But the hypothetical does not need to include "each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007). Instead, the ALJ must include those limitations he finds credible. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ is not required to include limitations found not credible in hypothetical to VE, and submits to the expert only those supported

4

by objective evidence of record).

The limitation the ALJ omitted from the hypothetical (Plaintiff's sensitivity to sunlight) was either not supported by the medical evidence or was responsive to treatment. Although Plaintiff appears to take issue with the ALJ's decision to discredit her complaints in general, she does not develop this argument beyond reciting case law (doc. 24 at 5).[1] In any event, I do not need to reach the issue: even assuming the ALJ's hypothetical question should have restricted Plaintiff's exposure to sunlight, two of the three jobs the VE identified as within Plaintiff's RFC do not involve exposure to sunlight, the occupations of assembler (DOT #713.687-018) and cleaner (DOT #323.687-014). Thus, any error was, at most, harmless. *See Newell v. Astrue*, No. 8:08-cv-472-T-TBM, 2009 WL 3157661, at *5-7 (M.D. Fla. Sept. 25, 2009); *see also Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability).

D.   *Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The ALJ's decision is AFFIRMED and the case is dismissed.

2. The Clerk of Court is directed to enter judgment for Defendant.

---

[1] Although Plaintiff's brief includes a "Statement of the Issues" section that lists two topics – the allegedly incomplete hypothetical and the ALJ's credibility determination (doc. 24 at 5) – she does not develop the second argument, and I do not address it.

DONE AND ORDERED in Tampa, Florida on August 24, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE